IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00174-BO

**Jasmine Darwin,**

                Plaintiff,

v.                                           **Order**

**Ruben De Los Santos, et al.,**

                Defendants.

      This matter comes before the court on the Wake County Board of Education's motion to stay discovery. D.E. 39. The motion asks the court to stay its discovery obligations until the court decides the Board's pending motion to dismiss the amended complaint (D.E. 29). The Board contends that the pending dispositive motion could resolve all claims Plaintiff, Jasmine Darwin, asserts against it.[1] So the time and expense attendant to discovery may be unnecessary. Darwin opposes the Board's motion to stay discovery. D.E. 41.

      "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

---

[1] The case, and discovery, would proceed against the other defendants who are not parties to the motion to dismiss.

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. The Board's motion, if granted, could resolve the action against it entirely. Or, if the court grants the motion in part, it may limit the scope of discovery. The dispositive motion makes plausible arguments, contending that the amended complaint has failed to allege sufficient facts to state claims against the Board. Darwin's response offers similarly compelling arguments to support her position. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the motion to dismiss. If the motion is granted, even in part, some or all of the time and resources the Board and Darwin may devote to discovery may be unnecessary.

Darwin's assertion that granting the motion to stay discovery will prejudice her claim through delay or divided discovery obligations is unconvincing. Given the nature of the claims, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the motion to dismiss.

After balancing the relevant factors, the court finds that the Board has shown good cause to stay discovery. So the court grants the request to stay discovery and orders that, unless they

agree otherwise, the Board and Darwin may not conduct discovery until the court resolves the motion to dismiss.[2] If court the denies the motion to dismiss, the parties must confer and submit an updated Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: September 22, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

---

[2] Darwin and the non-moving defendants may proceed with discovery.